# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  14-06368 BKT |
| | Chapter 11 |
| **ROBERTO SEBELÉN MEDINA,** **BETSIE MARIE CORUJO MARTÍNEZ** | |
| **Debtors** | |
| **ROBERTO SEBELÉN MEDINA,** **BETSIE MARIE CORUJO MARTÍNEZ** | Adversary No. 15-00070 BKT |
| **Plaintiffs** | |
| vs. | |
| **MUNICIPALITY OF CAROLINA,** **JOSE CARLOS APONTE DALMAU,** **MAYOR OF THE MUNICIPALITY OF CAROLINA** | |
| | FILED & ENTERED ON 11/12/2015 |
| **Defendants** | |

## OPINION AND ORDER

Before this Court is a *Motion to Dismiss for Lack of Personal Jurisdiction and Failure to state a Claim upon which Relief can be Granted* [Dkt. No. 40] filed by Defendant, the Municipality of Carolina and its Mayor José C. Aponte Dalmau ("Municipality of Carolina"), along with Debtors/Plaintiffs Roberto Sebelén Medina and Betsie Marie Corujo Martínez's ("Debtors") *Opposition to the Motion to Dismiss of the Municipality of Carolina and its Mayor*

1

*José C. Aponte Dalmau* [Dkt. No. 41]. For the reasons set forth below, the Municipality of Carolina's *Motion to Dismiss* is GRANTED.

### I. Relevant Facts

The Municipality of Carolina has been enjoying the use of Debtors' properties without paying any consideration or the agreed rents, from July 2014 through May 2015. There existed a lease contract between Debtors and the Municipality of Carolina, pursuant to which the Municipality of Carolina was bound to pay Debtors a monthly rent of $16,000.

The Municipality of Carolina had been paying such rents up to June 2014, by depositing in the Superior Court of San Juan, case No, FDC2011-1017 (903), pursuant to an order of that court requiring such deposits by the Municipality of Carolina pending final resolution in that case. That case was initiated by creditor Banco Popular de Puerto Rico against Debtors, and in which preference to title or interest over these same lease rents is at issue.

The Municipality of Carolina admits in its motion to dismiss that the rents for the months of July 2014 through March 2015, were not timely deposited in the Superior Court. On June 17, 2015, the Municipality of Carolina deposited with the Superior Court of San Juan, all sums due as rents under the referenced lease contact, up to May 2015, in the total sum of $176,000.00, with the understanding that Debtors could withdraw such deposits from the state court. At a hearing held on July 15, 2015 in the captioned proceeding, Debtors' counsel informed, upon inquiries from the court, that Debtors had claimed these funds in the state court.

In its Motion to Dismiss, the Municipality of Carolina argues that it appears from the statements made by Debtors' counsel to the court at the July 15, 2015 hearing, that the property of Debtors to which the claim is addressed for a remedy under 11 U.S.C. § 544 is no longer in

possession of the Municipality of Carolina, but rather is on deposit with the state court and, that Debtors have claimed these sums from said court. The Municipality of Carolina contends that even if under in rem jurisdiction, insofar as the property claimed by Debtors is no longer in possession or control by the Municipality of Carolina, no remedy can be granted for Debtors by this Court, in this action, at this time. The Municipality of Carolina further argues that because it is a Municipality of the Commonwealth of Puerto Rico and thus, an entity to be deemed a "governmental unit" under 11 U.S.C. § 101(27), this Court lacks personal jurisdiction pursuant to 11 U.S.C. § 106.

In their opposition, Debtors argue that the Municipality of Carolina breached the contract between the parties and should respond for the foreseeable damages arising from that breach of contract, interests, costs and attorney's fees. Debtors contend that the Municipality of Carolina and its principal officers knew since August 2014, that Debtors had filed a bankruptcy petition and that as a result, the First Instance Court of San Juan had stayed all judicial proceedings. The Municipality of Carolina and its officers were informed of the Order issued by this Court on December 1, 2014, Docket No. 94, for the delivery to the Debtors of the rents that had been consigned in the First Instance Court of San Juan. Debtors allege that the breach of contract of the Municipality of Carolina and its Mayor provoked damages to the debtors including, loss of income and cash flow, capacity to do business, loss of commercial opportunity, legal fees and late fees. Thus, Debtors argue that the estate is subject to compensation for the damages caused by the Municipality of Carolina. Debtors allege that the foreseeable consequence of the Municipality of Carolina's tortious acts caused Debtors to fall into a severe depression and that they have been subject to mental anguish, intimidation, fear, insecurity, loss of sleep and

intimacy, and a growing feeling of frustration and worries concerning their reputation and self-esteem. Thus, Debtors argue that they are entitled to no less than $150,000.00 in damages.

**I.      This Court may not award damages against a governmental unit unless sovereign immunity has been expressly and unequivocally waived.**

In a pair of watershed cases —Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) — the Supreme Court retreated from the historic pleading standard that it had previously established in Conley v. Gibson, 355 U.S. 41, 45-48 (1957), and replaced that standard with a standard centered on plausibility. This plausibility standard has become the "new normal" in federal civil practice. A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F. 3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Twombly, at 555; Katz v. Pershing, LLC, 672 F.3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable...." Ashcroft v. Iqbal, at 678. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, at 556. On a motion to dismiss, however, courts are "not

4

bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Ocasio–Hernandez v. Fortuno–Burset, at 12 (citing Twombly, at 555) (internal citations omitted).

In resolving a motion to dismiss the court must determine whether the factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. The complaint must contain sufficient factual matter to state a plausible claim. Grajales, 682 F.3d at 44. Debtors, in this case, have not met this burden.

Notwithstanding the bankruptcy court's power to award damages under 11 U.S.C. § 524 and its statutory contempt powers under 11 U.S.C. § 105(a), a court may not award damages against a governmental unit unless sovereign immunity has been expressly and unequivocally waived. See United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992); Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95 (1990)) ("Waivers of the Government's sovereign immunity ... must be 'unequivocally expressed' ... [and] are not generally to be 'liberally construed.' "); Duby v. United States (In re Duby), 451 B.R. 664, 670–671 (1st Cir. BAP 2011). Waivers of immunity must be strictly construed in favor of the sovereign, Orff v. United States, 545 U.S. 596, 601–602 (2005), and ambiguities must be resolved in favor of immunity, United States v. Williams, 514 U.S. 527, 530 (1995).

A "governmental unit means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or

5

domestic government". 11 U.S.C. § 101(27). Therefore, the court finds that the Municipality of Carolina is a "government unit" for bankruptcy purposes.

Section 106 of the Bankruptcy Code states as follows:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
(1) Sections 105 [power of the court], 106 [waiver of sovereign immunity] [and] 524 [effect of discharge], of this title.
...
(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, **but not including an award of punitive damages**. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of Section 2412(d)(2)(A) of title 28.
(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

11 U.S.C. § 106(a) (emphasis added).

In United States v. Rivera–Torres (In re Rivera–Torres), 432 F.3d 20, 23 (1st Cir.2005), the First Circuit was presented with the controversy of "whether there is an explicit waiver of sovereign immunity in 11 U.S.C. § 106, as to allow an award of emotional distress damages against the United States, under the sanctions provisions of 11 U.S.C. § 105, to remedy a violation of 11 U.S.C. § 524, which enjoins actions to recover discharged debts." The First Circuit considered that "none of the enumerated sections in § 106(a)(1) that apply directly (§§ 105, 524) or by analogy (§ 362) clearly established the availability, even against private parties, of an award of emotional distress damages as a matter of background law. Those sections do not

provide a basis to find clear waiver of sovereign immunity as to emotional distress damages." Id. at 29. "Performing a temporal analysis by which the First Circuit looked to the congressional understanding of the enumerated section at the time of its amendment, it reasoned that when Congress amended 11 U.S.C. § 106(a) in 1994, there was no consensus in the background law as to whether emotional distress damages were 'actual damages,' so reference to 11 U.S.C. §§ 105 and 524[ ] did not 'clearly establish [ ] the availability, even against private parties, of an award of emotional distress damages.' " In re Duby, 451 B.R. at 671, citing and analyzing In re Rivera–Torres, 432 F.3d at 28–29. The First Circuit further considered the legislative history of Section 106 of the Bankruptcy Code and found that "the focus of Congress's concern was 'monetary recovery' of a distinctly different type than emotional distress damages. The provision for waiver of sovereign immunity in the Bankruptcy Code was overhauled in 1994." In re Rivera–Torres, 432 F.3d at 30, citing Bankruptcy Reform Act of 1994, Pub. L. No. 103–394, § 113, 108 Stat 4106, 4117–18; Gibson, Congressional Response to Hoffman and Nordic Village: Amended Section 106 and Sovereign Immunity, 69 Am. Bankr. L.J. 311 (1995).

In short, "under established First Circuit precedent, emotional distress damages are unavailable against the United States" under Section 106(a) of the Bankruptcy Code. In re Duby, 451 B.R. at 672. Such precedent is transferrable to other "government units" like the Municipality of Carolina pursuant to 11 U.S.C. § 106(a)(3). Therefore, this Court concludes that pursuant to Section 106 of the Bankruptcy Code and First Circuit case law, Debtors are barred from an award of emotional distress damages because the action was brought against a governmental entity. Also see King v. United States (In re King), 396 B.R. 242, 251 (Bankr.D.Mass.2008) ("the Court holds that the government has not 'definitively and

unequivocally' waived its sovereign immunity for emotional distress damages awards under § 106(a) for willful violation of the automatic stay actions brought pursuant to § 362(k)(1)").

Therefore, as the funds claimed by the Debtors are no longer in the possession or control of the Municipality of Carolina and emotional distress damages are unavailable, no remedy can be granted for Debtors by this Court, in this action, at this time. The Debtors' complaint is hereby dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.      Conclusion**

WHEREFORE, IT IS ORDERED that the Municipality of Carolina's *Motion to Dismiss* shall be, and it hereby is, GRANTED.

In San Juan, Puerto Rico this 12th day of November, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

8